UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Orlosky,<br><br>                              Plaintiff,<br><br>v.<br><br>William E. Merill, Transformed<br>Service Inc., DOES 1 through 50,<br><br>                              Defendants. | Case No.:  3:17-cv-01701-BTM-WVG<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM; AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

On August 23, 2017, Plaintiff filed a Complaint in addition to a Motion to Proceed In Forma Pauperis ("IFP Motion") and a Request for Appointment of Counsel.  For the reasons discussed below, the IFP Motion is granted, the Complaint is dismissed with leave to amend, and the Request for Appointment of Counsel is denied without prejudice.

## Discussion

### I.    Motion to Proceed IFP

Upon review of Plaintiff's affidavit in support of his IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fees required to prosecute this action.  Accordingly, Plaintiff's IFP Motion is

**GRANTED.**

## II.    Failure to State a Claim

Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint must be dismissed for failure to state a claim.  The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii). Here, the Complaint must be dismissed because it does not plead facts that demonstrate the existence of an element of a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"): a pattern of racketeering activity.

Plaintiff's Complaint alleges that Defendants violated § 1962 of RICO when they "engaged in a racketeering conspiracy to defraud and extort funds from plaintiff by engaging in practices and dishonest conduct designed to entrap plaintiff, threaten the property of the plaintiff and threaten litigation in Kansas if plaintiff did not pay Defendant immediately as demanded." Specifically, Plaintiff alleges that upon receiving Plaintiff's property for interstate shipping, Defendants' altered and misrepresented the condition of the property, demanded fraudulent fees related to shipping the property, and ultimately stole the property. Because Plaintiff is proceeding pro se, his pleadings are "held to less rigorous standards than those drafted by attorneys." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1268 (9th Cir. 1992).

Even so, Plaintiff has not yet succeeded in stating a claim on which relief can be granted because his Complaint does not allege a pattern of racketeering activity.  To state a claim under § 1962 of RICO, a plaintiff must allege the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). At a minimum, a "pattern" requires that the predicate acts be "related"

and "continuous." *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995). To establish that predicate acts are "continuous," a plaintiff may plead "closed-ended continuity" or "open-ended continuity." *Id.* at 1526. "Closed-ended continuity refers to a closed period of repeated conduct. It is established by showing that the predicate acts occurred over a substantial period of time. If closed-ended continuity cannot be established, plaintiffs may plead open-ended continuity. Open-ended continuity refers to past conduct that by its nature indicates a threat of future criminal conduct. It is established by showing either that the predicate acts specifically threaten repetition or that they were an ongoing entity's regular way of doing business." *Id.*

Plaintiff's Complaint alleges that Defendants' predicate acts occurred between August 11, 2017 and August 13, 2017. A period of three days does not constitute "a substantial period of time," as required by closed-ended continuity.[1]+ Plaintiff's Complaint also fails to establish open-ended continuity. As currently pleaded, the Complaint only alleges a single isolated activity on the part of Defendants. It does not allege that Defendants' predicate acts threaten repetition or that the predicate acts have become Defendants' regular way of doing business.

Accordingly, Plaintiff's Complaint will be dismissed with leave to amend. Plaintiff will have 45 days from the date of this order to file an amended complaint.

### III.  Request for Appointment of Counsel

Plaintiff has filed a request for appointment of counsel.

---

[1] The 9th Circuit has observed that while there is no "hard and fast, bright line, one-year" rule for the continuity requirement, it will generally not be "satisfied by a pattern of activity lasting less than a year" and "a pattern of activity lasting only a few months does not reflect the long term conduct to which RICO was intended to apply." *See Allwaste*, F.3d at 1528.

There is no right to counsel in civil cases, and district courts may appoint counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.*

At this point in time, the Court cannot say there is any likelihood of success on the merits. Therefore, the Court **DENIES** without prejudice Plaintiff's Request for Appointment of Counsel.

**CONCLUSION**

For the reasons discussed above:

1) Plaintiff's Motion to Proceed IFP is **GRANTED**;

2) Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff will have 45 days from the date of this Order to file an amended complaint; and

3) Plaintiff's request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED:**

Dated: September 6, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court